## Cardiello *v.* Brown, Appellant.

Argued April 30, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Elwood B. Haworth,* for appellant.

*Walter M. Newman,* with him *William A. Walker,* of *Walker & Newman,* for appellee.

PER CURIAM, June 25, 1940:

On March 28, 1939, the court below, on petition of the appellee, issued rule under the Act of June 16, 1836, P. L. 784, §28 (17 PS §2046) upon the appellant, a member of the bar of Allegheny County, Pennsylvania, to show cause why he should not turn over forthwith the sum of $1,200 to the appellee.

The statute under which appellee proceeded provides: "Notwithstanding anything hereinbefore contained, the several courts aforesaid shall have power to make rules on sheriffs and coroners, for the return of all process in their hands, and for the payment of money, or delivery of any article of value in their possession, according to their respective duties, and also to make rules upon attorneys for the payment of money and the delivery of deeds and other papers in their hands, belonging to their clients, and in every such case to enforce obedience to such rules by attachment; and the courts shall have the same power against former sheriffs and coroners, if application be made for the purpose, within two years after the termination of their offices respectively."

The petitioner averred that in the year 1938 he retained the services of the respondent in his professional capacity and paid to him all fees demanded in full for legal services rendered; that on or about August 15, 1938, respondent agreed to secure for petitioner a mort-

gage on certain property situate at No. 4355 Andover Terrace, Pittsburgh, Pennsylvania, and did then and there receive from petitioner the sum of $920 which, together with $280 previously advanced, constituted the full purchase price of $1,200 for said mortgage.

Attached to the petition is a receipt executed by respondent and signed also by petitioner, evidencing their agreement, in form following: "August 15, 1938. Received of Peter C. M. Cardiello check for Nine Hundred and Twenty and 00/100 Dollars for which I agree to have assigned to him a certain mortgage for $4250 00/100 on property at 4355 Andover Terrace, Pittsburgh, Pa., same to be held by him, and it being hereby agreed that there is due him thereon only the sum of Twelve Hundred and 00/100 Dollars with interest at six per cent from the date of assignment to him. Witness (signed) J. Willock Brown, Peter C. M. Cardiello."

The petition further averred that respondent appellant neither obtained the mortgage nor returned the money; that as a result of investigation he believes and avers that respondent at no time held or controlled a mortgage which he could have assigned to petitioner, and that respondent has converted the money to his own use and purposes.

To the rule to show cause granted on said petition, respondent filed an answer on April 4, 1939, averring that the transaction referred to in the petition was a loan to appellant personally and not in the relation of attorney and client, and was to be repaid in one year from August 15, 1938, made upon oral agreement, and that respondent was to have assigned to petitioner, a mortgage on his home when respondent was able to do so. Respondent, appellant, further averred that petitioner is indebted to him for legal services in the amount of six hundred dollars.

On June 13, 1939, respondent filed an amended answer in which he, inter alia, avers that "the date when said loan would be due, towit: August 15, 1939, was

omitted by clerical error from the memorandum of agreement shown at Exhibit 'A' in petitioner's petition."

Depositions were taken ex parte petitioner appellee on April 6, 1939, which support the averments of the petition. Depositions were also taken ex parte respondent appellant on June 13, 1939. The respondent was sworn and testified on his own behalf, inter alia, as follows: "Q. Do you know Mr. Cardiello? A. Yes, for a number of years. Q. Has he been a client of yours? A. Yes, I have done considerable work for him. He was in my office every day or two. Q. Over a period of a year? A. Yes, sir. . . . . . . After I had gotten the money, I told Mr. Cardiello that he had nothing to show that he had given me all the money, so I gave him a memorandum which my stenographer copied so that he would have something to show that I owed him $1200 instead of $920. In that memorandum, I had written that the money would be due and payable one year from that day but it was omitted from the memorandum by the stenographer and I did not notice this was omitted when I signed the agreement, but I distinctly understood that this was a personal loan for a year and I decided that I would assign to him, a mortgage assignment on our property, if I could secure one, as security for the payment of $1200 in a year. I was unable to secure the assignment of the mortgage to myself but he still retained the memorandum that I owed Mr. Cardiello $1200 on account of his loan to me. . . . . . . he agreed with me I was to have a credit of $500 as fees for my services and expenses in his matters in which I acted as his attorney."

Respondent also called two or three witnesses who deposed that they were in the office of the respondent at the time the alleged loan was made and heard a discussion between petitioner and respondent wherein it was agreed that Brown was to have the use of the money for one year. They, however, heard nothing concerning the giving of a mortgage. Their depositions, however,

are not convincing.    Mrs. Ralph Persinger, a sten-
ographer in the employ of Mr. Brown, deposed in sup-
port of the allegation that the time of payment was
omitted from the receipt by mistake.

As stated in the opinion by KENNEDY, J., in the court
below: "Just why these particular parties were in the
position to hear this discussion is difficult to under-
stand.   However, they claim they were in Mr. Brown's
office, either as his clients or working for him.   The law
is very clear that discussions leading up to a contract
are not part of pleadings or evidence, when suit is
brought upon a written agreement, which is presumed
to have reduced its terms to the meeting of the minds
of the parties who signed said agreement.   It is quite
unusual for an attorney who prepares an agreement,
in which he is borrowing money, to later come into
Court and claim that said agreement was entered into
through fraud, accident or mistake, especially in this
particular proceeding, where he is still holding the
$1,200 which he admits he received from the petitioner
. . . . . .

"The receipt definitely states Brown was to have as-
signed to the petitioner a certain mortgage for $4,250,
on property at 4355 Andover Terrace, Pittsburgh, Pa.,
and that the petitioner's interest in that assignment was
to be in the sum of $1,200.    That mortgage assign-
ment has never been delivered.    The petitioner is en-
titled to same, or to receive his money back.    A reading
of the pleadings and of the depositions convinces us
that there was an attorney and client relationship at the
time this money was turned over to Mr. Brown, a mem-
ber of this bar.    He has proven no mistake that will
allow him to retain this money, nor has he given any
satisfactory reason why his client, the petitioner, did
not receive an assignment of the mortgage referred to
in the receipt."

After a careful consideration of the pleadings and

depositions, we fully agree with the conclusions reached by the court below.

The assignment of error is overruled and the order and decree of the court below of date June 30, 1939, is affirmed. Costs to be paid by appellant.